**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIRINO IBANEZ-ROSAS, | No. 21-1294 |
| Petitioner, | Agency No. A205-720-475 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2024**
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

Petitioner Cirino Ibanez-Rosas, a native and citizen of Mexico, petitions this

Court for review of an order of the Board of Immigration Appeals ("BIA") denying

his motion to reopen and terminate proceedings due to a fundamental change in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

law. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

This Court reviews the BIA's denial of motions to terminate and reopen for abuse of discretion. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). Further, this Court reviews BIA "decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Ibanez-Rosas contends that the BIA's finding that *Niz-Chavez v. Garland* did not represent a fundamental change in law constituted a legal error. 593 U.S. 155 (2021). Because we have jurisdiction over BIA decisions denying sua sponte reopening when legal or constitutional error is alleged, *see Bonilla*, 840 F.3d at 588, we have jurisdiction over Ibanez-Rosas's case.

First, Ibanez-Rosas challenges the immigration court's subject matter jurisdiction in his removal proceedings. Our decision in *United States v. Bastide-Hernandez*, which held that a deficient Notice to Appear ("NTA") does not deprive the immigration court of jurisdiction, forecloses Ibanez-Rosas's challenge. 39 F.4th 1187, 1191-92 (9th Cir. 2022) (en banc). The relevant regulation, 8 C.F.R. § 1003.14(a), provides only a claim-processing rule that has no bearing over the immigration court's jurisdiction. *Id*. at 1191. A defective NTA therefore does not dispossess the court of its subject matter jurisdiction. *Id.* at 1193.

In the alternative, Ibanez-Rosas asks this Court to remand his case to the BIA to consider his allegation that the deficiencies in his NTA constituted a claim processing violation. Remand is not appropriate here. *See Umana-Escobar v. Garland*, 69 F.4th, 544, 550 (9th Cir. 2023). Ibanez-Rosas failed to exhaust his claim-processing challenge. Exhaustion is statutorily required. *Id. See also* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 424 (2023) (quoting 8 U.S.C. § 1252(d)(1) as requiring a noncitizen to "'exhaus[t] all administrative remedies available to the alien as of right'").

Ibanez-Rosas failed to raise any challenge to his defective NTA at any time during his hearing before the immigration judge ("IJ"). And Ibanez-Rosas's briefing before the BIA—both on direct appeal and on his motion to reopen— focused on challenges to the jurisdiction of the IJ and not on any claim-processing error. "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Umana-Escobar*, 69 F.4th at 550 (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (internal citation omitted)). Because Ibanez-Rosas did not raise his claim-processing challenge before the BIA, he has failed to exhaust it.

**PETITION DENIED.**

21-1294